IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY R. HASTINGS, #039760,
    Plaintiff,

vs.                                    Case No.: 4:05cv303/MMP/EMT

JAMES CROSBY, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

        Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on August 18, 2005 (Doc. 1). The court previously granted Plaintiff's motion to proceed in forma pauperis (Docs. 2, 4). The court granted the motion based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court vacates its order granting the motion.

        The court takes judicial notice of two cases previously filed by Plaintiff in this District, Case Nos. 4:00cv310/WS and 4:00cv491/WS, which have been previously dismissed by the court as frivolous and for failing to state a claim upon which relief may be granted. Additionally, Plaintiff filed an appeal in the Eleventh Circuit Court of Appeals, Case No. 03-16358, which was previously dismissed by the Circuit Court as frivolous. Plaintiff was incarcerated at the time of filing each of those cases.

        Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims that Defendants, the Governor of the State of Florida, Secretary of the Florida Department of Corrections (DOC), Regional Director for Region 4 of the DOC, Warden of Okeechobee Correctional Institution (OCI), and two correctional officers at OCI ignored Plaintiff's warnings that a riot or disturbance was going to occur at OCI due to provocation by unnamed correctional officers (Doc. 1 at 7). Plaintiff alleges due to Defendants' failure to respond, a disturbance occurred on August 9, 2005, during which inmates attacked three correctional officers, seriously injuring them (*id*.). During the disturbance, Plaintiff and other inmates were hit and shoved to the ground (*id*.). Plaintiff alleges the attack exacerbated an existing injury, and he is still suffering back pain (*id*. at 7B). Plaintiff alleges Defendants' failure to respond to his warnings constituted cruel and unusual punishment in violation of the Eighth Amendment (*id*. at 7A). Plaintiff seeks monetary relief, an order requiring a federal investigator to speak with OCI inmates, court monitoring of the activities and verbal and physical abuse of inmates at OCI, and a protective order to prevent correctional officers from retaliating against him for filing the instant action (*id*. at 8, 8-A).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g). Initially, although Plaintiff seeks a protective order to prevent correctional officers from acting in a retaliatory manner, he does not claim that he ever was subjected to retaliatory conduct, nor does he claim that he is under any current threat of imminent physical injury, nor is any threat apparent from the alleged facts. Additionally, Plaintiff does not clearly allege that he incurred any serious physical injury from the incident described in the complaint. Furthermore, although he alleges some correctional officers are "still trying to provoke more problems" by cursing at inmates, Plaintiff does not specifically show how the previous disturbance evidences a present threat of serious injury to him. Thus he has failed to satisfy the imminent danger exception to the statute. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute."). Therefore, Plaintiff cannot proceed in forma pauperis.

Because Plaintiff did not pay the $250.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this court's order permitting him to proceed such shall be vacated, and this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

1.  The court's previous order (Doc. 4) granting Plaintiff's motion to proceed in forma pauperis (Doc. 2) is hereby **VACATED**.

2.  Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

3.  The clerk of court shall mail a copy of this order to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk. The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 4:05cv303/MMP/EMT.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

At Pensacola, Florida, this 22nd day of November 2005.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**